# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1034V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KEANU MITCHELL,

              Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

              Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: September 9, 2020

Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act.

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA., for Petitioner.
*Catherine E. Stolar*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

      On July 17, 2019, Keanu Mitchell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered from Guillain-Barré syndrome (GBS) and Acute Inflammatory Demyelinating Polyneuropathy (AIDP) resulting from the influenza vaccination he received on October 5, 2016. Pet., ECF No. 1. Petitioner filed a statement of completion on August 16, 2019. ECF No. 8.

      Petitioner filed medical records in support of his claim. (Exs. P1, P2a, P2b, P2c, P3, and P4). Petitioner also filed an affidavit on August 19, 2019. Ex. P5, ECF No. 9.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On December 16, 2019, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the terms of the Act." Resp.'s Rep. at 1, ECF. No. 11. I thereafter ordered Petitioner to file a status report indicating how he would like to proceed. *See* Non-PDF Scheduling Order dated 12/17/2019.

After requesting several extensions of time, Petitioner filed a motion to dismiss on September 3, 2020, indicating that "an investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot., ECF No. 19 at 1. He further stated that "in these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* Petitioner stated he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him" and he "has been advised that such a judgment will end the instant claim in the Vaccine Program and has confirmed his understanding in writing." *Id.* Petitioner also indicated that he intends to reject the judgment and file a civil action. *Id.* Petitioner's motion further states that "Petitioner's counsel will not be seeking costs and fees under these circumstances." *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                  **s/ Katherine E. Oler**
                                                  Katherine E. Oler
                                                  Special Master